UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-207(2)(NEB/LIB)

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 **GOVERNMENT'S MOTIONS IN LIMINE BEFORE TRIAL**

(2) DOUGLAS EDWARD McCLENDON,

      Defendant.

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, Laura M. Provinzino, Assistant United States Attorney, and Angelica D. Ramirez, Special Assistant United States Attorney, hereby respectfully moves the Court *in limine* as follows:

1. For an Order granting the admission of certified hotel and Walmart records generated by an electronic process or system pursuant to Federal Rules of Evidence 803(6), 902(11), and 902(13).

2. For an Order granting the admission of McClendon's and conspirator statements during the conspiracy, including text message conversations starting on or about March 2, 2021 through March 12, 2021 as admissible non-hearsay statements under Federal Rules of Evidence 801(d)(1)(A) and/or 801(d)(2)(A) (E).

3. For an Order granting the admission of the informant's tip which started this investigation, as non-hearsay evidence to explain to the jury the "reasons for or propriety of a police investigation." *See United States v. Malik*, 345 F.3d 999, 1001 (8th Cir. 2003); *United States v. Davis*, 154 F.3d 772, 778 (8th Cir. 1998); *United States v. Brown*, 923 F.2d 109, 110-11 (8th Cir. 1990).

4. For an Order granting the admission of testimony by Best Western General Manager Dilip Patel regarding the requirement that customers provide photo identification upon check-in pursuant to Federal Rule of Evidence 701.

5. For an Order permitting the United States to introduce certified copies and witness testimony of McClendon's 2019 conviction in Monongalia County, West Virginia that is essential to the offense conduct alleged and/or otherwise admissible pursuant to Federal Rule of Evidence 404(b).

6. For an Order granting the impeachment of McClendon if he elects to testify, namely using his 2019 conviction in Monongalia County, West Virginia pursuant to Federal Rule of Evidence 609.

7. For an Order precluding McClendon or his counsel from addressing, speculating upon, or otherwise discussing in the jury's presence, any potential penalty or sentence, including the application of a mandatory-minimum sentence, if the offense alleged results in conviction.

8. To sequester all potential witnesses, except Task Force Officers Justin Erickson and Joe Kleszyk, and witnesses designated as experts.

9. For an Order allowing the government to introduce summary evidence or testimony through TFO Justin Erickson or Joe Kleszyk pursuant to Federal Rule of Evidence 1006.

10. For an Order granting the admission of expert testimony by Special Agent Michael Flannagan as to the general nature of drug trafficking pursuant to Federal Rule of Evidence 702.

11. For an Order granting the admission of expert testimony by Forensic Scientists Amy Granlund and Michelle Nelson as to their forensic analysis of physical evidence pursuant to Federal Rule of Evidence 702.

12. For an Order granting the admission expert testimony by Federal Bureau of Investigation Computer Forensic Examiner Vicki Klemz and/or Minnesota Bureau of Criminal Apprehension Special Agent William Bennett as to their forensic analysis of electronic evidence pursuant to Federal Rule of Evidence 702.

13. For an Order precluding McClendon or his counsel, in the presence of the jury, from offering or referring to in any way, to hearsay statements of McClendon or others.

14. For an Order precluding McClendon or his counsel from presenting any evidence of his lawfulness or good conduct, except evidence offered strictly in accord with the limitations of Federal Rules of Evidence 404(a) and 405(a).

15. For an Order limiting defense cross-examination of any witness regarding prior bad acts or convictions of the witness to only those matters which are permitted under Federal Rules of Evidence 404, 608, or 609, and precluding McClendon from referring to any alleged prior bad act or conviction of a witness in the presence of the jury, until the court has determined the propriety of the proposed cross-examination or the admissibility of the proffered evidence.

16. For an Order barring McClendon or his counsel from raising the defenses of duress, alibi, or justification, as the government has received no notice of such defenses.

17. For an Order, if necessary, unsealing certain documents for purposes of the government's disclosure obligations, trial exhibits, and testimony, as to be identified in future correspondence and pretrial discussions with this Court and counsel.

18. For an Order precluding McClendon or his counsel from misstating the law regarding the legal concept of conspiracy, or misleading the jury regarding the elements necessary to prove the offense of conspiracy.

19. For an Order precluding McClendon or his counsel from misstating the law regarding the legal concept of possession with intent to distribute, or misleading the jury regarding the elements necessary to prove the offense of possession with intent to distribute.

20. For an Order precluding McClendon or his counsel from arguing or otherwise presenting evidence, or pursuing lines of inquiry, designed to elicit jury nullification.

21. For an Order precluding McClendon or his counsel from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury, as such requests in front of the jury are inappropriate and may improperly create the impression that the government has suppressed information as a means of seeking an unfair advantage.

The United States has provided additional briefing on many of these motions in its Trial Brief. The United States further reserves the right to make additional pretrial motions between the date of this filing and the date of trial, which is scheduled to begin on Tuesday, June 21, 2022.

Dated: June 6, 2022

Respectfully Submitted,

Andrew M. Luger
UNITED STATES ATTORNEY

*s/Angelica Ramirez*

BY:   Angelica D. Ramirez
Special Assistant United States Attorney
Attorney ID No. 3097652
Laura M. Provinzino
Assistant United States Attorney
Attorney ID No. 0329691