UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-207(2)(NEB/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

(2) DOUGLAS EDWARD McCLENDON,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and Douglas Edward McClendon (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges**. The Defendant agrees to plead guilty to Count 1 of the Indictment, which charges the Defendant with Conspiracy To Distribute Fentanyl and Other Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. The Defendant fully understands the nature and elements of the crime with which he has been charged. In consideration for the Defendant's plea of guilty, the United States agrees that it will not file an information pursuant to 21 U.S.C. § 851 if such enhancement is applicable. The United States agrees that it will not seek to supersede and charge failure to appear pursuant to 18 U.S.C. § 3146, which sentence could be consecutive to the sentence imposed on the underlying count.

SCANNED
SEP 08 2022
U.S. DISTRICT COURT MPLS

2. **Factual Basis**. The Defendant is pleading guilty because he is in fact guilty of the charge in Count 1 of the Indictment. In pleading guilty, the Defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

   a. Beginning in approximately March 2, 2021, and continuing through March 12, 2021, the Defendant voluntarily and intentionally joined in an agreement or understanding with others to distribute fentanyl, methamphetamine, and other controlled substances.

   b. As part of the conspiracy, the Defendant obtained or assisted in obtaining fentanyl, methamphetamine, and other controlled substances from individuals in Michigan. The Defendant came from Detroit to Bemidji, Minnesota, with co-conspirators Christopher Douglas Richard and Scot Lamont Watkins with the intent and purpose to distribute fentanyl, methamphetamine, and other controlled substances to individuals in the area, including from the Red Lake Indian Reservation and surrounding communities.

   c. The Defendant agrees that between approximately March 2, 2021, and March 12, 2021, he and his co-conspirators distributed fentanyl, methamphetamine, and other controlled substances while staying in various hotels in Bemidji. On March 12, 2021, law enforcement executed a search warrant at the Best Western Hotel. The Defendant rented Room 111, and co-defendant Richard rented Room 124. The Defendant's clothing, which contained more than $500 in cash, and wallet were recovered from Room 111. The wallet contained the Defendant's photo identification and various credit and debit cards. Scales, a blender, baggies, and other drug paraphernalia were recovered from Room 111. Rooms 111 and 124 each contained at least 40 grams of fentanyl for distribution. In total, law enforcement recovered in excess of 174 grams of mixtures and substances containing fentanyl, 37 grams of methamphetamine, and other controlled substances. Additionally, as law enforcement made entry into Room 111, the Defendant and co-defendant Watkins fled. Co-defendant Richard flushed a significant quantity of fentanyl down the toilet.

   d. The Defendant joined in the conspiracy knowingly and voluntarily and knew its illegal purpose to distribute fentanyl and other controlled substances in and around the Bemidji area.

 3. **Waiver of Pretrial Motions**. The Defendant understands and agrees that he has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the Defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The Defendant further agrees that, by pleading guilty, he is withdrawing any motions previously filed.

 4. **Waiver of Constitutional Trial Rights.** The Defendant understands that he has the right to plead not guilty and go to trial. The Defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. At trial, the Defendant would be presumed innocent, have the right to trial by jury or, in certain circumstances, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the Defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The Defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the Defendant guilty without a trial.

 5. **Additional Consequences**. The Defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional

consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties**. The Defendant understands that the offense of Count 1 of the Indictment, which charges Conspiracy To Distribute Fentanyl and Other Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, is a felony offense that carries the following statutory penalties:

    a. **A mandatory minimum of 5 years in prison;**

    b. a maximum of 40 years in prison;

    c. a supervised release term of at least 4 years up to a maximum supervised release term of life;

    d. a maximum fine of $5,000,000;

    e. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A);

    f. assessment to the Defendant of the costs of prosecution, imprisonment, and supervision, as defined in 28 U.S.C. §§ 1918(b) and 1920; and

    g. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Revocation of Supervised Release**. The Defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the Defendant's supervised release, and the Defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* USSG §§ 7B1.4, 7B1.5. The Defendant also understands that as part of any revocation, the Court may include a requirement that the Defendant be placed on an

additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guidelines Calculations**. The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

    a.    Applicable Guidelines. The applicable version of the Sentencing Guidelines incorporates amendments through November 1, 2018. Guideline Section 2D1.1 applies to Count 1.

    b.    Base Offense Level. The parties agree that the base offense level is **26**. U.S.S.G. §§ 2D1.1(a)(5), 2D1.1(c)(7), and Application Note 8(D).

    c.    Specific Offense Characteristics. The parties agree that no specific offense characteristics apply.

    d.    Chapter 3 Adjustments. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

    e.    Acceptance of Responsibility. The government agrees to recommend that the Defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). The Defendant has not timely notified the government of his intention to enter a plea of guilty, so the government will not recommend that the Defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b). Whether the 2-level reduction will be imposed shall be determined by the Court in its discretion. However, the Defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the Defendant testifies truthfully during the change of plea and sentencing hearings; (2) the Defendant provides full, complete and truthful information to the United States

       Probation Office in the pre-sentence investigation; and (3) the Defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report.

   f.   Criminal History Category. The parties believe that, at the time of sentencing, the Defendant will fall into Criminal History Category **II** or **III**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The Defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The Defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the Defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

   g.   Guidelines Range. If the adjusted offense level is **24**, and the criminal history category is **II**, the Sentencing Guidelines range is **57-71** months of imprisonment, which becomes **60-71** months of imprisonment by operation of the statutory mandatory minimum. If the adjusted offense level is **24**, and the criminal history category is **III**, the Sentencing Guidelines range is **63-78** months of imprisonment.

   h.   Fine Range. If the adjusted offense level is **24**, the Sentencing Guidelines fine range is **$20,000** to **$5,000,000**. U.S.S.G. §§ 5E1.2(c)(3) and (4).

   i.   Supervised Release. The Sentencing Guidelines require a term of supervised release of at least 4 years up to the3 maximum of life. U.S.S.G. § 5D1.2; 21 U.S.C. § 841(b)(1)(B).

9.   **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable

Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court or the Probation Office determines that the applicable guideline calculations or the Defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the Defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make a motion for departure and/or variance from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendation of the parties, the Defendant will have no right to withdraw his guilty plea.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the Defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The Defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution**. The Defendant understands and agrees that restitution may be ordered to the victim of his offense. Pursuant to 18 U.S.C. § 3663(a)(3), the Defendant agrees to pay restitution to the Best Western Hotel in Bemidji, Minnesota, for the damage and destruction to Rooms 111 and 124 on March 12, 2021. The parties agree to finalize the amount of restitution prior to sentencing.

13.     **Forfeiture.**  The Defendant agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any and all property constituting, or derived from, any proceeds the Defendant obtained directly or indirectly as a result of Count 1 of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of said violations.  The United States reserves its right to seek a money judgment forfeiture, to forfeit substitute assets, and to forfeit additional directly-forfeitable property.  The Defendant further agrees to abandon any right or claim to the items recovered from Room 111 of the Best Western on March 12, 2021.

14.     **Waivers of Appeal and Collateral Attack**.  The Defendant understands that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for concessions made by the United States, the Defendant hereby waives the right to appeal any non-jurisdictional issues.  This appeal waiver includes, but is not limited to, the Defendant's waiver of the right to appeal guilt or innocence, sentence, and the constitutionality of the statutes to which the Defendant is pleading guilty.  The parties agree, however, that excluded from this waiver is an appeal by Defendant of the substantive reasonableness of a term of imprisonment above **78** months' imprisonment. Further, the United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below **60** months' imprisonment.  Finally, the Defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived and waives these rights knowingly, intelligently, and voluntarily.

15. **FOIA Requests.** The Defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**. This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the Defendant. Other than this agreement, the Defendant acknowledges that no threats, promises, or representations have caused him to plead guilty. The Defendant has read this agreement and carefully reviewed each provision with his attorney. The Defendant further acknowledges that he understands and voluntarily accepts each term and condition of this agreement.

ANDREW M. LUGER
United States Attorney

Date: September 7, 2022

BY: LAURA M. PROVINZINO
Assistant United States Attorney
ANGELICA D. RAMIREZ
Special Assistant United States Attorney

Date: September 7, 2022

DOUGLAS EDWARD McCLENDON
Defendant

Date: ~~August~~ September 7, 2022

/s/ Kevin M. O'Brien
KEVIN M. O'BRIEN
Counsel for Defendant